

**U.S. Department of Justice**
Civil Division

Tel: 202-514-5432

VIA CM/ECF

June 23, 2025

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

    RE:   *Boyle v. Trump*, No. 25-1687 (4th Cir.)

    We write to inform the Court that the district court has denied the government's motion for a stay pending appeal.

    The district court offered no explanation for why the government is not entitled to a stay here when the Supreme Court held—in materially identical circumstances—that that the government is entitled to a stay of court orders reinstating principal executive officers of federal agencies. *Trump v. Wilcox*, 145 S. Ct. 1415 (2025). Instead, the district court held that *Wilcox* "confirm[ed] that an exception to the President's removal power may apply, notwithstanding a likelihood that the agencies subject to that order 'exercise considerable executive power[.]'" Order at 5. That distinction confuses the ultimate merits—an issue the Supreme Court "left for resolution" another day, 145 S. Ct. at 1415—with *Wilcox*'s conclusion that the government was in all events entitled to a stay, *id*. And for purposes of that stay analysis, there is no meaningful distinction between this case and *Wilcox*.

    We respectfully request that this Court grant a stay pending appeal and an immediate administrative stay.

                                      Sincerely,
                                      */s/ Daniel Aguilar*
                                      Daniel Aguilar
                                      Counsel for Defendants-Appellants

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

                                                  /s/ *Daniel Aguilar*
                                                  DANIEL AGUILAR

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because it contains 177 words.

                                                  /s/ *Daniel Aguilar*
                                                  DANIEL AGUILAR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| MARY BOYLE, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civ. No. MJM-25-1628 |
| v. | * | |
| | * | |
| DONALD J. TRUMP, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 13, 2025, the Court entered a Memorandum Opinion and Order granting Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. (collectively, "Plaintiffs") declaratory and injunctive relief. ECF Nos. 24 & 25. The Order declares the purported removal of Plaintiffs from their roles as Commissioners of the Consumer Product Safety Commission ("CPSC") without legal effect and enjoins official action that would effectuate Plaintiffs' removal. *Id.* On June 16, 2025, defendants Donald J. Trump, President of the United States; Scott Bessent, Secretary of the Treasury; Russell Vought, Director of the Office of Management and Budget; and Peter A. Feldman, Acting Chairman of the CPSC (collectively, "Defendants") filed a Notice of Appeal. ECF No. 26.

Currently pending before this Court are three motions filed by Defendants: a Motion to Stay the Court's Order Pending Appeal ("Motion to Stay"), ECF No. 27; a Motion for Leave to File the Declaration of Tripp DeMoss ("Motion for Leave"), ECF No. 31; and a Motion to Seal,

1

ECF No. 35.[1] Pursuant to Local Rule 105.11 (D. Md. 2023), the Court shall defer ruling on the Motion to Seal until 14 days after its filing date. Plaintiffs filed responses to Defendants' Motion to Stay, ECF No. 29, and the Motion for Leave, ECF No. 32. Defendants filed a reply in support of each motion, ECF Nos. 36 and 37, respectively. For reasons explained below, the Motion for Leave is granted, and the Motion to Stay is denied.

I.      **Motion for Leave to File Declaration**

In their Motion for Leave, Defendants request leave to file the declaration of Tripp DeMoss, dated June 17, 2025, in support of their Motion to Stay. ECF No. 31. The declaration is attached to the Motion for Leave, ECF No. 31-1, along with several exhibits, ECF Nos. 31-2 through 31-5. In their response, Plaintiffs argue that Defendants' Motion for Leave is untimely because it was filed one day after the Motion to Stay and after Plaintiffs filed their response to that motion. ECF No. 32. Plaintiffs do not offer any substantive argument that the Court should deny Defendants the opportunity to supplement the record in support of their Motion to Stay. The Court notes that Defendants filed their Motion to Stay promptly—one business day after the Court entered its Order granting Plaintiffs declaratory and injunctive relief. ECF No. 27. Defendants explain that Mr. DeMoss's declaration describes events that occurred after their Motion to Stay was filed. ECF No. 36. The Court finds the timing of Defendants' filings to be justified and, in its

---

[1] Defendants also filed an emergency motion to stay in their appeal. *Boyle v. Trump*, Appeal No. 25-1687, Doc. 13 (4th Cir. June 17, 2025).

While the "filing of a notice of appeal" generally "divests the district court of its control over those aspects of the case involved in the appeal[,]" *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982), and *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S. Ct. 1915, 216 L. Ed. 2d 671 (2023)), a district court may retain jurisdiction to stay an injunction granted in a final judgment, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. *See* 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2904 (3d ed. 2025) (citing cases). Defendants' Motion for Leave and Motion to Seal are ancillary to their Motion to Stay. The Court finds that it has jurisdiction to decide the motions Defendants filed in this matter, even while Defendants' appeal is pending.

discretion, will permit Defendants to supplement the record in support of their Motion to Stay. The Motion for Leave is granted.

### II. Motion to Stay Pending Appeal

In their Motion to Stay, Defendants request a stay of the Court's Order granting an injunction against any action by Defendants Bessent, Vought, and Feldman to effectuate Plaintiffs' purported removal from their offices as CPSC Commissioners. ECF No. 27. Plaintiffs oppose this motion. ECF No. 29. Courts consider four factors in deciding whether to stay an injunction pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26, 129 S. Ct. 1749, 1756, 173 L. Ed. 2d 550 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). The first two factors are "the most critical." *Id.* at 434, 129 S. Ct. at 1761. Here, the *Nken* factors do not warrant a stay.

First, Defendants fail to make "a strong showing that [they are] likely to succeed on the merits" of their defense that the President's without-cause removal of Plaintiffs from office was justified by his removal power under Article II of the U.S. Constitution. *Nken*, 556 U.S. at 426, 129 S. Ct. at 1756. For the reasons explained in its Memorandum Opinion, this Court has found that Plaintiffs' removal from office was unlawful under 15 U.S.C. § 2053(a), which permits removal only for "neglect of duty or malfeasance in office," and that this statutory removal protection is constitutionally justified by the *Humphrey's Executor* exception to the President's unrestrained removal power under Article II.

In *Humphrey's Executor v. United States*, 295 U.S. 602, 55 S. Ct. 869, 79 L. Ed. 1611 (1935), the Supreme Court "held that Congress could create expert agencies led by a *group* of principal officers removable by the President only for good cause." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 204, 140 S. Ct. 2183, 2192, 207 L. Ed. 2d 494 (2020). *Humphrey's Executor* provides an exception to the President's "unrestrictable power . . . to remove purely executive officers" for "multimember bodies with 'quasi-judicial' or 'quasi-legislative' functions[.]" *Id.* at 217, 140 S. Ct. at 2199 (quoting *Humphrey's Executor*, 295 U.S. at 632, 55 S. Ct. at 875). This Court has found that, like the agency at issue in *Humphrey's Executor*, the CPSC is "a multimember body of experts, balanced along partisan lines" and appointed to serve "staggered, seven-year terms[,]" *Seila Law*, 591 U.S. at 216, 140 S. Ct. at 2198–99, that performs functions the Supreme Court has described as "quasi legislative and quasi judicial[,]" *Humphrey's Executor*, 295 U.S. at 629, 55 S. Ct. at 874. *See also* ECF No. 24 (Mem. Op.) at 16–20; 15 U.S.C. § 2053(a)–(c) (listing qualifications and terms for CPSC Commissioners). As explained in the Memorandum Opinion, the structure and funding of the CPSC permits the President to exert influence over the CPSC, notwithstanding the removal restriction in 15 U.S.C. § 2053(a) and is supported by historical precedent. ECF No. 24 (Mem. Op) at 21–23. Likewise, the U.S. Courts of Appeals for the Fifth and Tenth Circuits have also concluded that the removal restriction in § 2053(a) is constitutional under *Humphrey's Executor*. *See Consumers' Research v. CPSC*, 91 F.4th 342, 351–56 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 414, 220 L. Ed. 2d 170 (2024); *Leachco, Inc. v. CPSC*, 103 F.4th 748, 762 (10th Cir. 2024), *cert. denied*, 145 S. Ct. 104 (2025); *accord United States v. SunSetter Prods. LP*, 2024 WL 1116062, at *2–4 (D. Mass. Mar. 14, 2024).

*Humphrey's Executor* remains good law. *See Seila Law*, 591 U.S. at 228, 140 S. Ct. at 2206; *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 483–84, 130 S. Ct. 3138,

3146–47, 177 L. Ed. 2d 706 (2010). And this Court is bound to apply the Supreme Court's precedent where it is directly applicable, "even if [it] thinks the precedent is in tension with 'some other line of decisions.'" *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136, 143 S. Ct. 2028, 2038, 216 L. Ed. 2d 815 (2023) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S. Ct. 1917, 1921, 104 L. Ed. 2d 526 (1989)).

Defendants offer no new evidence or argument to persuade the Court that it erred in its ruling. As they argued in opposition to Plaintiffs' summary judgment motion, Defendants contend that *Humphrey's Executor* does not apply to the CPSC because it exercises executive power. ECF No. 27 at 3. But, as explained in the Memorandum Opinion, the performance of executive functions alone is not dispositive of whether *Humphrey's Executor* applies. *See* ECF No. 24 (Mem. Op.) 20–23; *Collins v. Yellen*, 594 U.S. 220, 251–52, 141 S. Ct. 1761, 1784, 210 L. Ed. 2d 432 (2021) ("[T]he nature and breadth of an agency's authority is not dispositive in determining whether Congress may limit the President's power to remove its head."). Defendants rely principally upon a stay order the Supreme Court entered in *Trump v. Wilcox*, 145 S. Ct. 1415 (2025). But the order in *Wilcox* confirms that an exception to the President's removal power may apply, notwithstanding a likelihood that the agencies subject to that order "exercise considerable executive power[.]" 145 S. Ct. at 1415.

Second, Defendants fail to establish any irreparable injury absent a stay. It is important to note that the injunction granted by this Court merely returned the composition of the CPSC to the status quo that existed less than two months ago and had been in place before Defendants took office. Defendants attempt to show irreparable injury by citing a generalized harm based on Plaintiffs' exercise of powers duly vested in them as CPSC Commissioners. ECF No. 27 at 3. The only evidence of case-specific harm Defendants offer are descriptions of official actions Plaintiffs

5

have taken since resuming their duties last week. ECF No. 36 at 2. Trent DeMoss, Senior Counsel to Acting Chairman Feldman, asserts in his declaration that Plaintiffs conducted an "unauthorized and invalid" meeting last week, ECF No. 31-1, ¶ 14, and that they are seeking to implement policies in a way that circumvents governing provisions of the Consumer Product Safety Act, describing such actions as "disruptive," *id.* ¶ 17. The Court finds, however, that Mr. DeMoss's declaration describes, at best, differences of opinion he has with Plaintiffs over substantive and procedural matters of policy internal to the CPSC. Policy differences of this nature preexisted this litigation. *See* ECF Nos. 6-2 through 6-4 (Plaintiffs' declarations describing events that preceded notification of their removal). Differences in views over internal policy matters are to be expected of a multimember adjudicatory body that is bipartisan by design, like the CPSC. *See* 15 U.S.C. § 2053(c).[2] Moreover, Defendants fail to establish that any injury to them caused by Plaintiffs' participation in CPSC business cannot be repaired if they succeed in their appeal or when Commissioner Boyle's term expires in October of this year, even if Defendants' appeal is unsuccessful. *See* ECF No. 6-2, ¶ 2. Thus, Defendants' fail to show any *irreparable* injury they would suffer without a stay.

Third, the Court finds that a stay of its Order "will substantially injure the other parties interested in the proceeding[,]" *Nken*, 556 U.S. at 426, 129 S. Ct. at 1756—specifically, Plaintiffs. Each Plaintiff serves a term as Commissioner limited by statute, 15 U.S.C. § 2053(b); each Plaintiff's term expires on a date certain, ECF Nos. 6-2 through 6-4, ¶ 2. Accordingly, each day Plaintiffs are deprived of the opportunity and resources necessary to perform the functions and duties they were duly appointed to perform as CPSC Commissioners is time lost that they—and

---

[2] To the extent that any Plaintiffs' official actions amount to malfeasance, Defendants may find relief in the removal statute they claim to be unconstitutional in this litigation. *See* 15 U.S.C. § 2053(a) (permitting President to remove any CPSC Commissioner "for neglect of duty or malfeasance in office but for no other cause").

the public—cannot regain, whether or not they prevail on appeal. *See* ECF No. 24 (Mem. Op.) at 26–28 (describing irreparable harms caused by Plaintiffs' purported termination). Thus, while Defendants fail to demonstrate any irreparable injury absent a stay, the irreparable harm to Plaintiffs that would result from a stay is clear.

Fourth, the public interest does not favor a stay. *See id.* at 28–29 (finding that public interest and balance of equities favor injunction). The CPSC serves the public's interest in ensuring safety among products in the marketplace in various ways detailed in the Memorandum Opinion, *id.*, and in Plaintiffs declarations, ECF Nos. 18-3 through 18-5. There is no dispute that each Plaintiff has performed their duties as CPSC Commissioners ably and has brought to this role substantial expertise in the field of consumer protection. ECF Nos. 6-2 through 6-4. Plaintiffs are three of the CPSC's five Commissioners—60% of the agency's duly appointed leadership. A stay would only deprive the CPSC of Plaintiffs' abilities and expertise and, therefore, poses a danger to the vital role the CPSC plays in ensuring the safety of consumer products on the market. *See, e.g.*, ECF No. 18-3, ¶¶ 10–13 (describing certain "life-saving" regulations under consideration by the CPSC pertaining to lithium-ion batteries and battery-operated toys, which Plaintiffs support but the remaining two Commissioners have not supported); ECF Nos. 6-2 through 6-4 (each Plaintiff stating, "I believe that my work has played an important role in protecting consumers across the nation from injury and death."). The Court finds the public's interest in protection from hazardous and unsafe consumer products to exceed the public interests presented in support of the injunctions stayed by the Supreme Court's order in *Wilcox*. *See Wilcox v. Trump*, No. CV 25-334 (BAH), 2025 WL 720914, at *17 (D.D.C. Mar. 6, 2025) (finding that public interest in "efficient and peaceful resolution of labor conflicts" supports injunction reinstating member of National Labor Relations Board); *Harris v. Bessent*, No. CV 25-412 (RC), 2025 WL 679303, at *14 (D.D.C. Mar. 4, 2025)

(finding that public interest "in having governmental agencies abide by" federal law supports injunction reinstating member of Merit Systems Protection Board).

Meanwhile, on the other side of the balance, the only specific harms Defendants claim result from Plaintiffs' participation in CPSC business are official actions and positions Plaintiffs have taken concerning personnel matters internal to the CPSC. *See* ECF Nos. 31 & 36. Defendants do not identify any way in which the public would be harmed or placed at risk by Plaintiffs' performance of the duties they were duly appointed to perform. And Defendants offer no information or evidence to dispute Plaintiffs' sworn statements describing how their participation as CPSC Commissioners serves the public's interest in safe consumer products. Defendants make no attempt to show that, in Plaintiffs' absence from the CPSC, the public will be adequately protected from hazards and risks presented in certain consumer products.

In sum, none of the four *Nken* factors supports a stay of the injunction. Accordingly, Defendant's Motion to Stay must be denied.

### III. Conclusion

For the reasons stated herein, it is this __23rd__ day of June, 2025, by the United States District Court for the District of Maryland, hereby

ORDERED that Defendants' Motion for Leave to File the Declaration of Tripp DeMoss (ECF No. 31) is GRANTED; and it is further

ORDERED that Defendants' Motion to Stay the Court's Order Pending Appeal (ECF No. 27) is DENIED.

_____
Matthew J. Maddox
United States District Judge

8