# PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

June 23, 2025

**VIA CM/ECF**
Nwamaka Anowi
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   *Boyle, et al. v. Trump, et al.*, No. 25-1687
       Citation of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)

Dear Ms. Anowi:

Plaintiffs-Appellees file this notice of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j) to notify this Court of the district court's order denying Defendants-Appellants' motion for a stay pending appeal. The court held that Defendants had established none of the four factors necessary for such relief.

First, the court held that Defendants failed to make a strong showing of success on the merits of their argument that statutory tenure protections for Consumer Product Safety Commission (CPSC) members are unconstitutional. As the court explained, *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), establishes the constitutionality of the protections, which are "supported by historical precedent," and the Fifth and Tenth Circuits have rejected the precise constitutional argument the government makes here. ECF 38 at 3-4.

Second, the court held that Defendants had not shown they will suffer irreparable injury absent a stay. Although the court granted Defendants' motion to file a declaration supposedly describing such injury, *id.* 2-3, the court concluded that the declaration "describes, at best, differences of opinion … over substantive and procedural matters." *Id.* 6. Such differences "are to be expected of a multimember adjudicatory body that is bipartisan by design." *Id.*

Third, the court held that Defendants failed to show that a stay would not injure Plaintiffs. *Id.* Rather, "the irreparable harm to Plaintiffs that would result from a stay is clear" because "each day Plaintiffs are deprived of the opportunity and resources necessary to perform the[ir] functions and duties … is time lost that they—and the public—cannot regain." *Id.* 6-7.

Finally, the court concluded that the public interest counsels against a stay. *Id.* 7-8. As the court explained, Plaintiffs have performed their roles ably, and a stay would "deprive the CPSC of Plaintiffs' abilities and expertise and, therefore, pose[] a danger to the vital role the CPSC plays in ensuring the safety of consumer products." *Id.* 7. The public interest here thus "exceed[s] the public interests presented in support of the injunctions stayed by the Supreme Court" in *Wilcox v. Trump*, 145 S. Ct. 1415 (2025). ECF 38 at 7.

Page 2

Sincerely,

Nicolas A. Sansone
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Plaintiffs-Appellees*

cc: All Counsel of Record
**VIA CM/ECF**