UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MARY BOYLE, ALEXANDER HOEHN-SARIC, and RICHARD TRUMKA JR., <br><br> *Plaintiffs-Appellees*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget; and PETER A. FELDMAN, in his official capacity as Acting Chairman of the U.S. Product Safety Commission, <br><br> *Defendants-Appellants*. | Case No. 25-1687 |

## **PLAINTIFFS-APPELLEES' MOTION TO EXPEDITE**

In early May, President Donald J. Trump purported to terminate three Commissioners of the Consumer Product Safety Commission (CPSC) who had been duly appointed by his predecessor and confirmed by the Senate—Plaintiffs-Appellees Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. On June 13, 2025, the district court held that

1

the terminations were unlawful and without legal effect and enjoined Defendants-Appellants Scott Bessent, Russell Vought, and Peter A. Feldman from effectuating them. The Commissioners returned to work the same day. The government appealed, and both the district court and this Court declined to stay the district court's order pending appeal. Yesterday, however, the Supreme Court stayed the district court's order pending the conclusion of proceedings in this Court and, if applicable, the Supreme Court. The result is that Commissioners Boyle, Hoehn-Saric, and Trumka are now barred from serving in the roles that the district court held they are entitled by law to occupy.

The Commissioners accordingly ask this Court to expedite the government's appeal by modifying the briefing schedule and setting the earliest possible date after briefing for oral argument. The government consents to this motion.

## BACKGROUND

The CPSC is an independent, bipartisan "regulatory commission" of five Commissioners who are nominated by the President and confirmed by the Senate. 15 U.S.C. § 2053(a); *see id.* § 2053(c). To ensure the CPSC's independence, Congress provided that Commissioners may be removed

2

by the President before the end of their terms only "for neglect of duty or malfeasance in office but for no other cause." *Id.* § 2053(a).

Commissioners Boyle, Hoehn-Saric, and Trumka were nominated by President Joseph R. Biden Jr. and confirmed by the Senate to serve as CPSC Commissioners, with terms expiring on October 27, 2025; October 27, 2027; and October 27, 2028, respectively. D. Ct. Dkt. 24 at 3–4. Although the Commissioners have all served ably in their roles and committed no neglect of duty or malfeasance in office, President Trump terminated them without explanation on May 8 and 9, 2025. *Id.* at 4–5.

The Commissioners filed suit on May 21 against President Trump; Secretary of the Treasury, Scott Bessent; Director of the Office of Management and Budget, Russell Vought; and CPSC Acting Chairman, Peter A. Feldman, in their official capacities. D. Ct. Dkt. 1. The Commissioners claimed that President Trump acted ultra vires and in violation of law by terminating them without cause and that Secretary Bessent, Director Vought, and Acting Chairman Feldman acted ultra vires and in violation of law by giving effect to the terminations. *See id.* ¶¶ 26–31.

Proceeding on an expedited basis, the parties filed cross-motions for summary judgment. D. Ct. Dkt. 18, 21, 22. Briefing concluded on June 5, D. Ct. Dkt. 22, and argument was held on June 6. On June 13, the district court granted the Commissioners' motion, denied the government's cross-motion, and entered an order declaring the Commissioners' terminations unlawful and enjoining Secretary Bessent, Director Vought, and Acting Chairman Feldman from effectuating them. D. Ct. Dkt. 24–25.

The district court held that the President had violated the CPSC's statutory tenure protections by terminating the Commissioners without cause and that the protections did not unconstitutionally infringe on the President's Article II powers. D. Ct. Dkt. 24 at 13–23. And the court further held that injunctive relief was warranted to end the "irreparable harm" that the Commissioners were suffering as a result of being "unlawfully barred from participating in ongoing, consequential decisions of the CPSC that will substantially impact Commission operations and its work on behalf of the public." *Id.* at 26. The court explained that, absent an injunction, the Commissioners "would be prevented from serving out the remainder of their limited terms and therefore [would] forever lose the opportunity to fulfill the[ir] statutory

4

duties." *Id.* at 27. And it concluded that an injunction was "favored by the balance of relevant hardships and d[id] not run counter to the public interest" because "[d]epriving th[e] five-member Commission of three of its sitting members threatens severe impairment of its ability to fulfill its statutory mandates and advance the public's interest in safe consumer products." *Id.* at 28.

Soon after the district court issued its order, the Commissioners returned to work. *See* D. Ct. Dkt. 29-1. Meanwhile, on June 16, the government filed a notice of appeal, D. Ct. Dkt. 26, and moved the district court for a stay of its order pending appeal, D. Ct. Dkt. 27. The next day, the government moved this Court for a stay. 4th Cir. Dkt. 13.

The district court denied the government's stay motion on June 23. D. Ct. Dkt. 38. As relevant here, the court observed that the balance of harms and the public interest weighed against a stay because "each day [the Commissioners] are deprived of the opportunity and resources necessary to perform the functions and duties they were duly appointed to perform as CPSC Commissioners is time lost that they—and the public—cannot regain." *Id.* at 6–7. As the court explained, the Commissioners have performed ably in their roles, such that the loss of

5

their "abilities and expertise" would "pose[] a danger to the vital role the CPSC plays in ensuring the safety of consumer products." *Id.* at 7.

On July 1, this Court likewise denied the government's motion for a stay pending appeal. 4th Cir. Dkt. 19. Judge Wynn issued a separate concurrence, emphasizing among other things that the Commissioners "were appointed to serve fixed terms with statutory protections designed to preserve the [CPSC's] independence and partisan balance" and that "[p]ermitting their unlawful removal would thwart that purpose and deprive the public of the [CPSC's] full expertise and oversight." *Id.* at 6.

The following day, the government applied to the Supreme Court for a stay of the district court's order reinstating the Commissioners to their roles. Late yesterday afternoon, the Court granted the application, citing its prior order granting a stay of a similar reinstatement order in a different case. *See Trump v. Boyle*, 2025 WL 2056889 (July 23, 2025) (citing *Trump v. Wilcox*, 145 S. Ct. 1415 (2025)). The stay will prevent the Commissioners from performing their duties until the conclusion of this appeal and any subsequent Supreme Court proceedings.

6

Meanwhile, on July 7, this Court issued a schedule for merits briefing in this case. 4th Cir. Dkt. 21. Under that schedule, briefing will not conclude until October 6. *Id.* Oral argument has not been scheduled.

## ARGUMENT

Local Rule 12(c) of this Court permits a party to an appeal to move to expedite briefing and oral argument.[1] Given the urgency of returning the Commissioners to the public offices that the district court held they are entitled to occupy, and the absence of prejudice to any party, expedited consideration of this appeal is warranted. The Commissioners request that the Court modify the briefing schedule as follows:

> Joint Appendix due:   August 11
>
> Opening Brief due:    August 11
>
> Response Brief due:   August 22
>
> Reply Brief due:      August 29

Following the Supreme Court's order, three of the CPSC's five Commissioners are unable to serve in their rightful offices during the pendency of this appeal. As the district court found, being barred from

---

[1] The Commissioners agree with the government that oral argument is warranted in this case. *See* 4th Cir. Dkt. 22 at 2.

7

serving in their roles inflicts irreparable harm on the Commissioners and hinders the CPSC in pursuing its mission of protecting the public from hazardous consumer goods. D. Ct. Dkt. 24 at 26–29. Indeed, because the CPSC generally requires a quorum of three Commissioners to conduct agency business, *see* 15 U.S.C. § 2053(d), legal uncertainty will hang over the actions taken by only two Commissioners while Commissioners Boyle, Hoehn-Saric, and Trumka—whose terminations the district court held to be without legal effect—are barred from serving. Expediting this appeal will minimize both the irreparable harm to the Commissioners and the disruption to the CPSC by minimizing the length of time in which the lawful composition of the CPSC remains legally contested.

In Commissioner Boyle's case, moreover, expedited consideration may be necessary in order to give her any effectual relief whatsoever. Under the current schedule, briefing will not conclude until October 6, just three weeks before her term is scheduled to expire. Although her term may be extended by one year, 15 U.S.C. § 2053(b)(2), she may have little, if any, opportunity to return to service under the current schedule.

Expediting this appeal will cause no prejudice to the government, which has consented to the proposed expedited briefing schedule. The

8

parties have already briefed the merits issues in this case at length during expedited summary judgment proceedings in the district court, as well as in connection with the government's stay motion in this Court and the government's stay application in the Supreme Court. And the government has briefed similar issues in two other appeals. *See Wilcox v. Trump*, D.C. Cir. No. 25-5057; *Harris v. Bessent*, D.C. Cir. No. 25-5055.

As the history of this case shows, expedited briefing in this case is both feasible and warranted.

## CONCLUSION

The Court should grant Plaintiffs-Appellees' motion to expedite, enter a modified briefing schedule, and schedule oral argument for the earliest available date after briefing concludes.

Dated: July 24, 2025        Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone
Stephanie Garlock
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs-Appellees*

9

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,512 words.

This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

<u>/s/ Nicolas Sansone</u>
Nicolas Sansone
*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Motion to Expedite with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit on July 24, 2025, using the CM/ECF e-filing system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>/s/ Nicolas Sansone</u>
Nicolas Sansone
*Counsel for Plaintiffs-Appellees*